## No. 5127.

JULES A. FLORAT, Tutor, *v.* ALFRED MARCHAND and M. F. MICHEL
*in solido.*

Michel, one of the defendants, in paying to Marchand, the holder of his negotiable note acquired before maturity, did, voluntarily, only what Marchand could have compelled him to do; and the plaintiff, who was defrauded of said note by his brokers, has no right to demand from him payment a second time. His recourse is against his unfaithful agents.

When one of two innocent persons must suffer, he whose act contributed to the loss must suffer rather than the other, who only discharged a legal obligation.

APPEAL from the Fourth District Court, parish of Orleans. *Lynch, J. Fellows & Mills*, for plaintiff and appellee. *Hornor & Benedict*, for defendant and appellant.

LUDELING, C. J. The plaintiff sues the maker of a note which was indorsed in blank under the following state of facts: The plaintiff, Florat, deposited the note with Voisin & Livaudais. He agreed with Michel, the maker, to renew the note on condition that interest should be paid, and he authorized his agents, Voisin & Livaudais, to renew the note on the said condition.

The note was renewed, and afterwards it was pledged by Voisin & Livaudais to the Teutonia National Bank. Buck, in due course of business, then acquired the note and sold it to Marchand for a valuable consideration and before maturity. Florat then called upon Voisin & Livaudais for his note, and they failed to deliver it to him under subterfuges. Becoming alarmed, Florat went to the maker, Michel, and notified him not to pay the note, as it was lost or stolen. Whereupon

Michel informed him that Marchand had informed him that he held the note. Florat then saw Marchand and Buck, who stated to him they had bought the note in due course of business for value and before maturity. On the day succeeding this interview, Michel, the debtor, gave the mortgaged property in payment of the note to Marchand.

Michel, in paying to Marchand, the holder of his negotiable note, did voluntarily only what Marchand could have compelled him to do, and the plaintiff has no right to demand from him payment a second time. His recourse is against his unfaithful agents. Where one of two innocent persons must suffer, he whose act contributed to the loss must suffer, rather than the other, who only discharged a legal obligation.

It is therefore ordered and adjudged that the judgment of the lower court be reversed, and that there be judgment in favor of the defendant against the plaintiff, rejecting his demand with costs.